UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO.: 11-107 |
| | * | |
| VERSUS | * | |
| | * | |
| GREGORY STEWART, ET AL | * | SECTION: G |
| | * | |
| * * * | | |

**GREGORY STEWART'S OPPOSITION TO THE
GOVERNMENT'S MOTION TO DISMISS DEATH PENALTY ATTORNEYS**

COMES NOW Gregory Stewart, who, through undersigned counsel, respectfully files this opposition to the "Government's Motion and Memorandum to Dismiss Death Penalty Attorneys." As grounds for this opposition, Stewart and his counsel show that: (1) the Government lacks standing to file such a motion; (2) the motion is an unconstitutional Governmental intrusion into the attorney-client relationship between Gregory Stewart and his counsel; (3) counsel for the Government have not accurately stated the practice that is common in this district; (4) Gregory Stewart is entitled to second counsel in this case, pursuant to the Guide to Judiciary Policies and Procedures, Volume VII, Chapter II, Part B., Section 2, 11 B; and (5) in the event that the Court determines that Gregory Stewart is not entitled to two counsel, it is Gregory Stewart and his attorneys, not the Government, that make the determination as to which counsel will represent him. In further opposition, and in support of this request that both counsel be permitted to continue representing him, Gregory Stewart and his counsel show that:

1. On July 18, 2011, John Garrison Jordan was appointed as counsel for Gregory Stewart, following a finding by Magistrate Chasez that Stewart was indigent, and entitled to counsel under the Criminal Justice Act. (Doc. 51).

2. On December 1, 2011, after proceedings not relevant to this motion, a Third Superseding Indictment was returned against Gregory Stewart, and others. (Doc. 51). The Third Superseding Indictment contained allegations that made Gregory Stewart eligible for the death penalty. Accordingly, a second attorney "learned in the law applicable to capital cases" was appointed to represent Gregory Stewart, this being Herbert V. Larson, Jr.

3. Following the Third Superseding Indictment, the Government moved to continue the trial on at least two occasions – On December 7, 2011 (Doc. 159), and on May 8, 2012 (Doc. 300). Significantly, on both occasions the Government described this case in the following terms:

> [it contains a] substantial amount of . . . discovery . . . including audio CDs containing thousands of conversations . . . including video tapes and copies of search warrants. It should also be noted that the indictment in this case includes a drug conspiracy count, eight drug possession/distribution counts, and nine "telephone" counts, one gun conspiracy count, one false statement count, and a murder count. Based on the severity of the charges and the defendants' criminal histories, all of the defendants are facing significant jail time if convicted. **Evans Lewis** and **Gregory Stewart** face life imprisonment (at a minimum) and the possibility of the imposition of the death penalty, if convicted of the murder charge. (Rec. Doc. 159, p. 3); (Rec. Doc. 300, p. 3).

4. The Third Superseding Indictment was followed by a Fourth Superseding Indictment, which further complicated the case, by adding a new defendant, and a new charge.

5. On September 12, 2012, the Government filed a notice of its intent not to seek the death penalty for either Evans Lewis or Gregory Stewart. This notice was followed almost immediately by its "Motion to Dismiss Death Penalty Attorneys." This motion should be denied, for the following reasons:

   a. First, all matters related to the appointment and dismissal of counsel are within the sole and exclusive jurisdiction of this Court. See 18 U.S.C. § 3006A; 18 U.S.C. §

3591 *et seq.* Put another way, the Government simply has no standing to bring the instant motion, or to seek the "relief" of having attorneys dismissed. It is only when representation by a particular attorney would affect the interests of the Government, *e.g.,* representation of a defendant by an attorney with a conflict of interest, that the Government has the right to seek judicial relief. Representation by two counsel creates no such right on the part of the Government.

b. Further, once a defendant's right to counsel has attached, the Sixth Amendment makes any intrusion into the attorney-client relationship by the Government highly suspect. See *Weatherford v. Bursey*, 429 U.S. 545 (1977); *U.S. v. Morrison*, 449 U.S. 361 ((1981). If a defendant can show prejudice from the intrusion, he or she may be entitled to a new trial following a conviction.

c. Moreover, the "common" practice in this district is <u>not</u> to dismiss one learned counsel once a case becomes non-capital. In fact, in one of the cases cited by the Government, *United States v. Hardrick*, 10-202, the "learned counsel" was <u>re-appointed</u> to the case after it became non-capital, and defendant Hardrick continues to be represented by two counsel even though the case is not a capital one. See Docs. 97, 99, and 104. The Government either negligently or deliberately failed to give this Court an accurate description of the proceedings in *Hardrick*.

d. Additionally, the Criminal Justice Act specifically provides for the appointment of two counsel in non-capital cases that are "extremely difficult;" when it would be in the interest of justice for the defendant to have two counsel. See Volume 7, Chapter 2 of the Guide to Judiciary Policy of the Judicial Conference of the United States, § 230.53.20 ("Guidelines for Administering the CJA and Related Services;" Chapter 2:

Appointment and Payment of Counsel). Consistent with this Guideline, there are multiple instances in this district when a court has appointed two counsel in a non-capital case. *See, e.g., United States v. Robert Faulcon,* No. 10-204, Section N (Docs. 102, 116); *and United States v. James Chancey*, No. 04-214, Section L (Docs. 84, 85). Given the Government's own description of the complexities of this case, it would be disingenuous for the Government to now claim that the case is neither complex, nor difficult. This is why the Government has always been represented by two attorneys, and will no doubt be represented by at least three at trial, with the assistance of case agents from at least three law enforcement agencies.

e. In support of Stewart's request to have two attorneys appointed to his case, it should be noted that it is not the intention or practice to duplicate efforts. At this point, both attorneys have spent a substantial amount of time with Stewart, in order to build a relationship of trust, and both are familiar with the case. By maintaining both attorneys, it is possible that resources ultimately may be saved, because an established attorney-client relationship of trust is more likely to aid in resolution of the case.

f. Lastly, in the event, and only in the event that this Court determines that Gregory Stewart is entitled to only one attorney, it is Gregory Stewart and his counsel who must make the choice, not the Government. If the Court makes such a finding, however, Stewart may suffer substantial prejudice because of the duration of the joint representation, the number of co-defendants in the case, the investigative work completed to date, and the complexity of the issues that must be litigated before and during trial.

4

Wherefore, this Court should find that this case is "extremely difficult," and that it would be in the interests of justice to permit Gregory Stewart to be represented by both his present counsel; and to thereafter deny the Government's motion to dismiss the "death penalty attorneys."

Respectfully submitted this 1st day of October, 2012.

/s/Herbert V. Larson, Jr.
Herbert V. Larson, Jr., 8052
700 Camp Street
New Orleans, Louisiana 70130
(504) 528-9500
hvl@hvllaw.com

John Garrison Jordan
P.O. Drawer 2828
Hammond, LA 70404
(985) 345-5291

Attorneys for Gregory Stewart

## CERTIFICATE OF SERVICE

This certifies that I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

Dated: October 1, 2012.

/s/Herbert V. Larson, Jr.
Herbert V. Larson, Jr.