UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.:  11-107 |
| v. | * | SECTION:  "G" |
| GREGORY STEWART<br>EVANS LEWIS | * | |
| | * * * | |

**GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION TO
MOTION TO DISMISS DEATH PENALTY ATTORNEYS[1]**

    **NOW INTO COURT** comes the United States of America, through the undersigned Assistant United States Attorneys, who respectfully responds to Gregory Stewart and Evans Lewis's oppositions to the government's motion to dismiss death penalty attorneys:

1. **The Court has the <u>sole</u> discretion to determine whether a defendant is entitled to a second attorney in a non-capital case.**

    As the government acknowledged in its memorandum (Rec. Doc. 334), the Court has discretion whether to allow a defendant to retain his or her second counsel once the case no longer carries a potential death sentence.  (<u>See id.</u> ¶ 8, stating that the court "may" determine that a second attorney is no longer necessary.)  Indeed, the Guide to Judiciary Policy recommends the Court *reconsider* the appointment of a second lawyer once the death penalty is no longer sought.

---

[1] The government's reply responds to the opposition filed by both Evans Lewis and Gregory Stewart.  The oppositions are almost identical.

1

<u>See</u> Guide to Judiciary Policy, Vol. 7, Part A §610.30.10 (the "Guide to Judiciary Policy"). Section 610.30.10 states that:

> If, following the appointment of counsel in a case in which a defendant was charged with an offense that may be punishable by death, it is determined that the death penalty will not be sought, the court ***should*** consider the questions of the number of counsel and the rate of compensation needed for the duration of the proceeding.  <u>Id.</u> (Emphasis added.)

The Guide to Judiciary Policy further states that "[t]he court ***should***, absent extenuating circumstances, make an appropriate reduction in the number of counsel."  <u>Id.</u> at § 610.30.20(a). (Emphasis added.)  Defense counsel seeks to cast a sinister spin on the government's motion by suggesting that the government is improperly interfering with the attorney-client relationship by bringing this motion.  This is wrong.[2]  The motion serves two purposes which are consistent with the recommendations of the Guide to Judiciary Policy: (1) to present the argument to the Court that defendants Gregory Stewart and Evans Lewis no longer need two attorneys because this is a non-capital case; and (2) to request that the Court ***reconsider*** the circumstances in this case and decide whether to dismiss one attorney or allow both counsel to stay on.  There is nothing unconstitutional about this motion.  Nor does this motion interfere with the defendant's attorney-client relationship.  It merely asks the Court to reassess the need for two defense counsel for Evans Lewis and Gregory Stewart, and argues that only one attorney is necessary.  The ultimate decision lies with this Court.

2. **The weight of authority is clear that a defendant is <u>entitled</u> to two attorneys <u>only</u> when the charges carry a potential death sentence.**

---

[2] Not only is defense counsel's suggestion that the government is unconstitutionally interfering with the attorney client relationship incorrect, it is baseless and inappropriate.

The majority of courts have held that under 18 U.S.C. § 3005, a defendant only has a right to two attorneys when the case carries a capital sentence. United States v. Douglas, 525 F.3d 225, 236 (2d Cir. 2008); United States v. Casseus, 282 F.3d 253, 256 (3d Cir. 2002). In cases where the government has stated that it will not seek the death penalty, courts routinely remove one attorney from the case. See United States v. Hudson, Case No. 10-329 (Rec. Doc. 206, 262) (attached as Exhibit "C")[3], United States v. Hardrick, Case No. 10-202; United States v. Raymond, Case No. 09-157. Counsel for the defendant erroneously suggests that the government has mislead the Court as to the practice of this district by its representation of the facts in United States v. Hardrick. This could not be further from the truth. In fact, the government represented that it is common for Judges to *sua sponte* remove one of the attorney's after the government has notified the parties of its intent not to seek the death penalty. Both cases it cited illustrate this precise point. In Hardrick, the case highlighted by defense counsel, Judge Vance twice ordered the removal of the second appointed attorney in the death eligible case. (Rec. Docs. 55, 56 and 97, 98.) The first time occurred after the government filed its notice not to seek the death penalty in a case where the defendant was charged with three murders: a double homicide as a result of a carjacking and a homicide as a result of witness tampering. (See Rec. Docs. 1, 55, 56). The second attorney was reassigned to the case only after the government superseded to add two additional murders—for a total of five murders (see Rec. Doc. 67.) Judge Vance then removed the additional attorney a second time after the government filed its second notice of intent not to seek the death penalty. (Rec Docs. 97, 98.) Ultimately, Judge Vance allowed the second attorney to stay on the case to represent the defendant in this

---

[3] Hudson is an additional case where the Court *sua sponte* ordered the removal of one attorney for a defendant after the government filed its notice of intent not to seek the death penalty.

3

quintuple-murder, carjacking, witness tampering and drug conspiracy case, but did so only after the defense attorney filed a motion to stay on the case and the Court held a status conference. (Rec. Docs. 99, 101, 102, 104.)[4] Indeed, cases like Hardrick which are highly complex, involve multiple murders, difficult factual scenarios, or "extenuating circumstances," may require the second attorney to remain on the case. The decision is entirely within the Court's discretion.

Notably, United States v. Chancey, the case cited by defense counsel to refute the government's representation that judges in this district often remove one attorney after the death penalty is no longer sought, is inapplicable here. Chancey *did not* involve a situation where the death penalty was ever sought by the government; nor did the defendant ever have a right to dual representation.[5] Indeed the defendant started with one attorney. Thus, because two lawyers were not on the case to begin with, there was never a need for the Court to reconsider the appointment of two attorneys. The Court appointed two attorneys because of the complexity of the case: it involved conspiracy to commit arson and defraud a Jefferson Parish law enforcement agency, conspiracy to obstruct justice by burning down a courthouse, two counts of interstate travel in aid of racketeering, and five counts of mail-fraud over a six year period, among other things. Here, as in Hudson, Hardrick and Raymond, the Courts automatically reconsidered the second appointment and removed the second attorney after the government filed its notice not to seek the death penalty. While Judge Vance ultimately allowed a second attorney in the Hardrick case, this was only after defense counsel satisfied the Court that this additional expenditure of government money was necessary.

**3. This case does not have "extenuating circumstances" which warrant a second attorney for Evans Lewis or Gregory Stewart.**

---

[4] Judge Vance's order outlining her reasons for allowing the case to have two attorneys is under seal.
[5] Chancey was an arson and racketeering case.

4

As stated above, the Guide to Judiciary Policy establishes the general rule that "[t]he court should, absent extenuating circumstances, make an appropriate reduction in the number of counsel."  Guide to Judiciary Policy, Vol 7, Part A § 610.30.20(a).  In deciding whether there are extenuating circumstances, the court should consider the following factors: (1) the need to avoid disruption of the proceedings; (2) whether the decision not to seek the death penalty occurred late in the litigation; (3) whether the case is unusually complex; and (4) any other factors that would interfere with the need to ensure effective representation of the defendant.  See id. § 610.30.20(a).

As recognized by the Guide to Judiciary Policy, a court should not appoint two attorneys for a defendant unless the specific facts of the case require it in the interests of justice.  In this case, the factors listed above weigh against the retention of dual counsel.  First, any delay in the government's decision not to seek the death penalty (factor 2) was due, in part, to defense counsel's request for additional time to present mitigation evidence to the government before it considered whether to pursue the death penalty.  As to the third factor, whether the case is unusually complex, this case, unlike Hardrick, which involved five murders, or Faulcon (the case cited by the defendant), which involved complicated and high-profile civil rights charges brought by this United States Attorney's office and the civil rights division of the DOJ concerning a cover-up and murder near the Danzinger bridge, this case is a drug conspiracy that involved one murder.  While the government will not deny that the discovery is voluminous and that the charges may carry anything from zero years to life imprisonment if the defendants are convicted, these facts do not make the case any more complex as to Evans Lewis or Gregory Stewart as it is to the other six remaining defendants who only have one attorney.   In fact, if these defendants go to trial, all of them will need to review the discovery, including the wiretap evidence.

Further, nowhere in the government's joint motions for prior continuances did the government represent that the case was *so complex* as to trigger a continuance based on Title 18, United States Code, §3161(h)(7)(B)(ii).  Rather, the continuances were granted based upon the fact that a failure to grant the continuances would have "resulted in a miscarriage of justice" or would deny counsel "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[6]  18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv).   Indeed, if this case were so complex, the government could have requested that the continuance was based upon Title 18, United States Code §3161(h)(7)(B)(ii), which supports a continuance because the case is "so unusual or *so complex* due to the number of defendants, the nature of the prosecution, or the existence of novel operations of fact or law."   18 U.S.C. §§ 3161(h)(7)(B)(ii) .  It did not.  Unlike the defendants suggest, it is not "disingenuous" or inconsistent for the government to state the case has voluminous discovery, multiple defendants, and may carry severe penalties, while simultaneously arguing that is not so complex as to trigger "extenuating circumstances" which merit two attorneys for Evans Lewis and Gregory Stewart.  Finally, the presence of two attorneys for the United States does not establish a case is complex.  It is the policy of the United States Attorney's Office to *always* have two attorneys on a case that may go to trial.  In particular, this case involves several Title III wiretaps,nd lead counsel is relatively new to the U.S. Attorney's Office and this is her first wiretap case.

As to the other factors, factor 1 and factor 4, it is up to the defendant to convince the Court that the removal of the second attorney would "disrupt the proceeding" (factor 1) or interfere with the effective representation of the defendant (factor 4).  Thus, unless and until defendants

---

[6] Title 18 United States Code §3161(h)(7)(B)(iv) specifically states that the case is "not so unusual or complex as to fall within clause (ii) . . . ."  18 U.S.C. §3161(h)(7)(B)(iv).

6

can explain why the Court should depart from the general rule of "mak[ing] an appropriate reduction in the number of counsel," and why the interests of justice require retention of second counsel in this case, the government respectfully requests that this Court reduce the number of counsel as advised by the Guide to Judiciary Policy.

For the above reasons, the Court should reduce the number of counsel engaged to represent Evans Lewis and Gregory Stewart so that each defendant only has one attorney.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY


s/ Sharan E. Lieberman
SHARAN E. LIEBERMAN
MAURICE E. LANDRIEU (#22104)
Assistant United States Attorneys
The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, LA 70130
Telephone:  (504) 680-3000
Facsimile: (504) 589-4390
Sharan.Lieberman@usdoj.gov
Maurice.Landrieu@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the all defense counsel of record.

s/ Sharan E. Lieberman
SHARAN E. LIEBERMAN
Assistant United States Attorney
