UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 11-107 |
| EVANS LEWIS, ET AL. | SECTION: "G" (1) |

**ORDER AND REASONS**

This case involves an alleged heroin-distribution conspiracy. In addition, Defendants Evans Lewis and Gregory Stewart are also charged with the murder of Gregory Keys. Before the Court is a Motion to Strike Doc. 552,[1] wherein Defendants request the Court strike the government's memorandum in opposition to Lewis' pending Motion to Sever, that the Court allowed Stewart to adopt. The Court has considered the parties' filings, the oral arguments presented at hearing, the record, the supplemental briefing by both parties, and the applicable law. For the reasons that follow, the Court will grant the motion in part and deny it in part.

**I. Background**

On January 19, 2012, a federal grand jury in the Eastern District of Louisiana issued a Fourth Superseding Indictment in this drug-conspiracy case.[2] The Fourth Superseding Indictment charged nine defendants, alleging varying roles in a conspiracy to posses with intent to distribute heroin.[3] Of the nine defendants charged in the Fourth Superseding Indictment, only Terrioues Owney, Evans Lewis, Gregory Stewart, Parnell Watts, and Darick Wallace remain as defendants, and their trial is

---

[1] Rec. Doc. 568.

[2] Rec. Doc. 208.

[3] *See generally*, *id.* at pp. 1-6.

1

set for January 21, 2014.

In addition to other charges deriving from the alleged conspiracy, the Fourth Superseding Indictment charges Lewis and Stewart with violations of 18 U.S.C. § 924(c), (j) for allegedly using firearms in relation to the conspiracy to cause the murder of Gregory Keys.[4] Kendrick Smothers, a victim of the shooting attack that led to Keys' death, has identified Lewis and Stewart as the two gunmen.

In their Motion to Sever, filed on August 21, 2013, Lewis and Stewart contend that they cannot be tried together because they will assert "mutually antagonistic defenses."[5] The government filed an opposition that, among other things, accused Lewis of "strategically chang[ing] his defense" for purposes of the motion to sever.[6] To support that accusation, the government referenced statements that counsel for Lewis and Stewart made to the government before it filed a Notice of Intent Not to Seek the Death Penalty.[7] The government's memorandum likewise included a footnote that asserted:

> The government has copies of these letters and will furnish them, at the Court's request. Because the letters also contain statements relating to plea negotiations and other confidential information pertaining to the defendant, they are not filed into the record.[8]

Lewis and Stewart jointly filed the pending motion to strike on September 24, 2013.[9] The

---

[4] *Id.* at pp. 5-6.

[5] Rec. Doc. 510-1 at p. 1.

[6] Rec. Doc. 552 at p. 2.

[7] *Id.*

[8] *Id.* at p. 1 n.1.

[9] Rec. Doc. 568.

government filed a response in opposition on September 25, 2013.[10] The Court held oral argument on September 26, 2013. At oral argument, the Court requested supplemental briefing, which both parties supplied.[11]

## II. Parties' Arguments

### A. Defendants' Arguments in Support of Motion to Strike

Defendants argue that their statements should not have been referenced in the government's opposition to the motion to sever because they were made as part of plea negotiations.[12] Such statements, they contend, are protected by Federal Rule of Evidence 410, and the government's use of them "clearly violates both the letter and spirit of this rule."[13]

### B. The Government's Arguments in Opposition

The Government responds by arguing that Rule 410 does not apply to the statements for two reasons. First, it contends that the statements were not made in actual plea negotiations because they were made within a letter sent to the government "in mitigation of the imposition of the death penalty" and "not every discussion between an accused and agents for the government is a plea negotiation."[14] Second, the government contends that Rule 410 applies only to evidence and that the statements at issue here were not being offered as evidence but as argument in support of its contention that Lewis is asserting a new defense theory.[15]

---

[10] Rec. Doc. 574.

[11] Rec. Doc. Nos. 586, 592.

[12] Rec. Doc. 568-1 at p. 2.

[13] *Id.* at p. 3.

[14] Rec. Doc. 574 at p. 1 (citing *United States v. Cross*, 638 F.2d 1375, 1380 (5th Cir. 1981)).

[15] *Id.* at p. 2.

3

Moreover, the government argues that the rules of evidence do not apply to this Court's consideration of the motion to sever because the motion is being decided in a "limited pretrial context" outside the presence of any jury.[16] It asserts that Defendants can cite no cases where a court was found to be unable to review statements protected by Rule 410.[17] To the contrary, the government argues that the very nature of the rule requires courts to review such statements before trial to determine whether they may be admitted as evidence during trial.[18] Finally, the government avers that its use of the statements does not involve the Court in plea negotiations because none are underway.

## C. Defendants' Supplemental Memorandum in Support

Defendants request an evidentiary hearing to challenge the government's assertion that the statements at issue derived from a source other than a plea discussion.[19] Defendants acknowledge that they cannot find "a reported decision that directly addressed the definition of 'evidence' as used in Rule 410 to determine whether the definition confines use to admissibility of testimony or exhibits at trial."[20] They nonetheless argue that Rule 410 has a much broader application than what the government asserts, arguing that the rules of evidence apply in all criminal proceedings except detention hearings and sentencing hearings.[21] They also argue that the rule applies even to the use

---

[16] *Id.* at pp. 2-3.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 586 at p. 1.

[20] *Id.* at p. 2.

[21] *Id.* (citing Wright & Miller, 23 Fed. Prac. & Proc. Evid. § 5348 n.48 (1st ed.)); *Calabro v. Florida*, 995 So. 2d 307, 317 (Fla. 2008); *United States v. Landron-Class*, 705 F. Supp. 2d 154 (D. P.R. 2010); *United States v. Rasco*, 262 F.R.D. 682, 687 (S.D. Ga. 2009)).

of information that is not technically evidence; in particular, Defendants cite *United States v. Martin*[22] in support. They contend that in *Martin*, the U.S. Court of Appeals for the Fifth Circuit found that reference during the government's opening statement to letters seeking a plea bargain violated Rule 410.[23] Defendants note that opening statements are not evidence and could not have been admitted at trial; likewise, they assert that even if the statements here do not constitute "evidence," the government's use of them nonetheless violated Rule 410.

Finally, Defendants argue that allowing the government to use statements as it did here would undermine the principle underlying Rule 410. They argue that the rule was designed to foster the resolution of criminal cases by compromise.[24] They further assert that if the government may use statements made by counsel during plea negotiations, "less candor and openness can be expected, rendering compromise less likely."[25]

### D. The Government's Supplemental Memorandum in Opposition

The Government first reiterates its argument that the statements at issue here were not made as part of plea negotiations and therefore are not protected by Rule 410.[26] It argues next that, even if Rule 410 does apply here, courts exclude "evidence" under that rule only when the information is offered at trial or "related to a proceeding involving the guilt or innocence of the defendant."[27] It

---

[22] 431 F.3d 846, 851-52 (5th Cir. 2005).

[23] Rec. Doc. 586 at p. 3.

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 592 at p. 1.

[27] *Id.* (citing *Martin*, 431 F.3d at 851-52; *United States v. McCauley*, 715 F.3d 1119, 1126 (8th Cir. 2013); *United States v. Levy*, 578 F.2d 896 (2d Cir. 1978); *Rasco*, 262 F.R.D. at 688-89; *United States v. Bridges*, 46 F. Supp. 2d 462 (E.D. Va. 1999)).

5

thus concludes that there is nothing that prevents this Court from "considering statements covered by Rule 410 in the context of a motion to sever, a motion to dismiss or similar pretrial proceeding."[28]

Additionally, the government argues that the Court should consider the statements in order to determine "the likelihood a defendant will present a particular defense theory and assess the genuineness of his claim that he will stick with that theory at trial."[29] It argues that "[f]airness requires the Court to evaluate Lewis's inconsistent defense theories" because doing so will help determine whether Lewis' assertions are genuine, whether Stewart will in fact testify against Lewis at trial, and whether Lewis is entitled to severance.[30]

Finally, the government argues that even if the Court agrees with Defendants that the statement was improperly included in the government's memorandum in opposition to the motion to sever, the Court should merely strike the offending passage.[31] The government avers that "[s]triking the entire pleading from the record would be an overly broad remedy."[32] It asserts that the government's predominant arguments turn on other issues. In particular, the government states that, even taking Defendants at their word, the defense theories they now state that they will pursue are not mutually antagonistic; likewise, the government contends that the Defendants will not be prejudiced by a joint trial because the Court can mitigate any prejudice through the use of limiting instructions.[33] The government therefore suggests that the Court could seal the memorandum, redact

---

[28] *Id.* at p. 2.

[29] *Id.*

[30] *Id.* at pp. 2-3.

[31] *Id.* at p. 3.

[32] *Id.*

[33] *Id.*

the relevant passage, or allow the government to refile the pleading.[34]

### III. Law and Analysis

As an initial matter, the Court notes that the parties dispute whether the statements at issue here were in fact part of plea negotiations. Defendants request an evidentiary hearing on the issue. The Court notes that the government's opposition to the motion to sever expressly states that the Defendants' statements were made in letters that "also contain statements related to plea negotiations."[35] Considering that Rule 410 applies to "a statement made during plea discussions . . . if the discussions did not result in a guilty plea," the Court finds for the purposes of this motion that the statements were part of plea negotiations.

*A. Applicable Law*

Rule 410 provides that "[i]n a civil or a criminal case," evidence of a statement made during plea discussions is not admissible against the defendant who participated in the plea discussions. The rule's underlying purpose is "the promotion of disposition of criminal cases by compromise."[36] Under Rule 1101(a)-(b), the Federal Rules of Evidence apply to "proceedings before . . . United States district courts" and in "criminal cases and proceedings."[37]

Meanwhile, Rule 1101(d) excludes the application of the Federal Rules of Evidence from several types of proceedings. For example, the rules do not apply to a court's initial determination under Rule 104(a) on a preliminary question of fact governing admissibility of evidence, nor do they

---

[34] *Id.*

[35] Rec. Doc. 552 at p. 2 n.1.

[36] Fed. R. Evid. 410 Advisory Comm. Notes.

[37] Fed. R. Evid. 1101(a)-(b).

apply to grand-jury proceedings.[38] Likewise, Rule 1101(d)(3) provides that the evidentiary rules are inapplicable to certain "miscellaneous proceedings such as: extradition or rendition; issuing an arrest warrant, criminal summons, or search warrant; a preliminary examination in a criminal case; sentencing; granting or revoking probation or supervised release; and considering whether to release on bail or otherwise." However, there appears to be no clear case law on whether the Federal Rules of Evidence apply to criminal pretrial motions to sever the trials of codefendants. Finally, a district court has broad discretion in determining the admissibility of evidence, and its decision will be reversed only if the court's decision affects a substantial right of a party.[39]

### *B. Whether the Use of the Statements Violated Rule 410*

Assuming that the statements at issue here were part of plea negotiations, the questions before the Court are whether the statements constitute evidence and whether Rule 410 thus applies to prohibit their introduction in the pretrial motion to sever. As the parties agree, there is scant case law governing either question. However, both parties cite *United States v. Martin*[40] in support of their position, and of all the authority the parties have provided and that the Court itself has researched, *Martin*, a decision from the Fifth Circuit, seems most relevant.

In *Martin*, the prosecutor noted in his opening statement that the defendant had written two letters to the prosecution "in which he admitted involvement in the robberies and said that he wanted to plead guilty."[41] The letters were not admitted into evidence during trial.[42] On review for plain

---

[38] Fed. R. Evid. 1101(d)(1)-(2).

[39] *United States v. Ramirez*, 174 F.3d 584, 590 (5th Cir. 1999).

[40] 431 F.3d 846 (5th Cir. 2005).

[41] 431 F.3d at 851.

[42] *Id.*

8

error because Martin did not timely object to the statement, the Fifth Circuit held that the reference to Martin's letters "appears to have violated" Rule 410 and that the reference thus was erroneous.[43] It noted that "[d]iscussions during plea negotiations are clearly not admissible," and it explained that "no defendant or his counsel will pursue [plea negotiations] if the remarks uttered during the course of it are to be admitted in evidence as proof of guilt."[44] Nonetheless, given the admissible evidence against Martin presented at trial and the trial court's instruction to the jury that lawyers' statements do not constitute evidence, the Fifth Circuit held that the prosecutor's reference to the letters in his opening statement constituted harmless error, and Martin's conviction was confirmed.[45]

    Defendants argue that *Martin* means that introduction of information that does not constitute trial evidence may still violate Rule 410.[46] The government distinguishes *Martin* on the fact that the statements at issue there were made to a jury while the statements here were made only to the Court.[47] The government therefore argues that *Martin* is authority for the proposition that Rule 410 applies only to information used at trial.[48]  However, the government points to no authority that undermines neither Rule 410's clear prohibition of the use of protected statements in a "criminal *case*" nor the language in Rule 1101 that applies the federal rules to "*proceedings*" rather than merely to trials.

---

[43] *Id.* at 852.

[44] *Id.* (quoting *United States v. Ross*, 493 F.2d 771, 775 (5th Cir. 1974)).

[45] *Id.* at 852-53.

[46] *See* Rec. Doc. 568-1 at p. 3; Rec. Doc. 586 at p. 3.

[47] *See* Rec. Do. 574 at p. 3; Rec . Doc. 592 at p. 1.

[48] Rec. Doc. 592 at p. 1.

9

On the other hand, as the government noted at oral argument, a court necessarily has the authority to accept and consider evidence of statements made in plea negotiations; otherwise, the court would have no way to determine whether to suppress the use of such statements pursuant to Rule 410. The government thus argues that its use of the statements in the opposition to the motion to sever was appropriate because the Court must sometimes consider such information in another context. However, there is a difference between a hearing on a motion to determine the applicability of Rule 410 to a given proceeding and such a proceeding itself.

Thus, here, as in *Martin*, while the proffered information might not constitute evidence that is admissible or that could be presented at trial, its use "appears to have violated" Rule 410 and therefore was offered in error.[49] Like the opening statement in *Martin*, the use of the Defendants' statements here technically does not constitute the introduction of evidence. Moreover, as in *Martin*, the Court's concern is the intended effect of the reference and its potential consequences. The Fifth Circuit in *Martin* was troubled by the use of plea statements because it feared that defendants would stop pursuing plea negotiation if "the remarks uttered during the course of it are to be admitted in evidence as proof of guilt."[50]

The government would argue that it is not using Defendants' statements as "proof of guilt" and so its conduct here is appropriate. However, the government nonetheless is seeking to use statements Defendants made as part of plea negotiations to the government's advantage. While there is a difference between the government prevailing on a motion to sever and the government prevailing at trial, the theory behind Rule 410 is that defendants will stop seeking plea negotiations

---

[49] *See Martin*, 431 F.3d at 852.

[50] *Martin*, 431 F.3d at 852.

10

if the government can use a defendant's statements in plea negotiations against him. Conduct by the government that threatens such a result should not lightly be condoned. Accordingly, and considering the clear directive of the Federal Rules of Evidence that Rule 410 applies to "cases" and "proceedings" rather than simply to trials, the Court finds that the government's use of the statements here violated Rule 410.

As a remedy, Defendants seek to strike the entirety of the government's memorandum in opposition to the motion to strike. However, the Defendants do not challenge the use of any other "evidence" within the government's brief. Defendants have not cited any authority to support such a broad remedy. They instead argue that "the prosecution's legal argument" in opposition to the motion to sever rests upon the notion that Defendants have changed and likely will change their defense theories.

As will be explained in more detail in the Court's Order and Reasons on Defendants' motion to sever, the Court finds that the government's position in that motion does not rest upon the statements challenged here: the assertion that the Defendants might change their theories before trial does not depend on evidence that they might or might not have asserted different theories in the past. Accordingly, the Court will grant Defendants' motion in part by striking the relevant portions of the government's opposition to the motion to sever, but it will deny it in part by allowing the government to file an amended memorandum consistent with this Order.

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion to Strike[51] is **GRANTED IN PART** in that the Government's Opposition to Defendants' Motion to Sever[52] shall be stricken;

**IT IS FURTHER ORDERED** that the Motion to Strike is **DENIED IN PART** in that the government is hereby allowed to file an amended opposition to the motion to sever;

**IT IS FURTHER ORDERED** that the government shall file any amended opposition to the motion to sever within seven days and that the new filing amend the original opposition only by striking the first full paragraph of page 2, the accompanying footnote, and the first sentence of the next paragraph.

**NEW ORLEANS, LOUISIANA**, this 19th day of November, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] Rec. Doc. 510.

[52] Rec. Doc. 552.